UNITED STATES DISTRICT COURT FOR THE
DISTRICT OF NEW HAMPSHIRE

David Hecht

    v.                                Civil No. 05-cv-462-PB

Waterville Development Corporation


**O R D E R**

Defendant moves to strike the Plaintiff's Expert Designation of David A. Dodge, C.S.P. After an evidentiary hearing on December 13, 2006 and after consideration of the legal arguments of the parties the motion is granted.

Factual Background

Mr. Dodge has a Bachelor of Science (B.S.) degree, has taken and taught industrial safety courses, has many professional certifications and memberships and has been a frequent lecturer on many safety issues, including "slip and fall" accidents. Since 1971 he has been employed or self-employed as a "safety engineer/consultant". He is a Certified Safety Professional, a certification that requires a B.S., five years of experience and successful completion of a two day examination. He has been an expert witness in court several times and has given dozens of depositions.

Plaintiff engaged Mr. Dodge to investigate the accident and to determine what was/was not done to treat the ice and snow hazard.  Mr. Dodge interviewed the plaintiff, reviewed weather records from the New Hampshire State Climatologist and from national weather services.  He also went to the area of the accident and took photographs.  He has in his career developed safety programs concerning ice and snow for the State of Maine, Exxon, Mobil, D'Angelos and Burger King.

The essence of Mr. Dodge's opinion is:

    1.   The area of the fall had ice covered with one inch of snow;

    2.   Ice, untreated, is slippery;

    3.   "Entities which invite the public to their premises must maintain the area so that pedestrian walkways are free of foreseeable hazards";

    4.   ". . . [i]ce and snow is entirely foreseeable in New Hampshire in January, therefore, timely inspection and maintenance must be made of the slippery areas";

    5.   Protecting invitees requires "that wintertime pedestrian safety must be approached as a systematic managerial program and not (be) simply left to the whims of

nature";

      6.   Public areas must be maintained so they are safe or cordoned off even during and immediately after a snow storm.

      7.   Ice should be chopped away or sanded and/or salted; and

      8.   The area of plaintiff's accident should have been inspected and the icy surface treated or cordoned off before the 12:30 p.m. accident.

Mr. Dodge has never seen the maintenance logs of defendant and was unaware of the existence or content of defendant's safety program.

## Discussion

1. <u>Timeliness of Disclosure</u>.

Plaintiff was required to make his expert's disclosure by August 1, 2006. The disclosure was not made until September 15, 2006. Plaintiff did not seek an extension informally from defendant nor formally from the court. No motion after the expiration was sought under Fed. R. Civ. P. 6(b). However, he did seek and was granted an extension for disclosure upon motion in October.

Litigants have a duty to comply with case management orders, and they fail to do so at their peril. See Torres-Vargas v. Pereira, 431 F.3d 389, 393 (1st Cir. 2005). "When a party fails to comply with (the) timetable, the district court has the authority to impose a condign sanction (including the authority to preclude late-disclosed expert testimony)." Macaulay v. Anas, 321 F.3d 45, 50 (1st Cir. 2003).

Whether or not exclusion of an expert's report would be an abuse of power requires consideration of

> . . . a multiplicity of pertinent factors, including the history of the litigation, the proponent's need for the challenged evidence, the justification (if any) for the late disclosure, and the opponent's ability to overcome its adverse effects . . . (s)urprise and prejudice . . . (and) the effect on the court's docket . . . .

Macaulay v. Anas, 321 F.3d 45, 51 (1st Cir. 2003) (citations omitted).

In this case there is no history of disregard of court orders, no impact on the court's docket, and no discernible prejudice to defendant. Since the bulk of the opinion is not expert opinion plaintiff really doesn't need it and defendant may easily overcome any effect. The excuse of "staff neglect" is not excusable neglect. See Schmidt v. Boggs, 246 B.R. 265, 268 (6th

4

Cir. 2000). Were I writing on a clean slate the expert would be excluded for failure to timely disclose. However, I previously granted a motion to amend the disclosure date in the plan and I will not revisit that order. Counsel should be aware that he is unlikely to get such extensions in the future.

2.  Exclusion under Federal Rule of Evidence 702.

As additional grounds for excluding Mr. Dodge's proffered testimony, defendant argues that his testimony fails to satisfy the criteria for admission under Federal Rule of Evidence 702. The rule provides that:

> If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training or education, may testify thereto in the form of an opinion or otherwise, if (1) the testimony is based upon sufficient facts or data, (2) the testimony is the produce of reliable principles and methods, and (3) the witness has applied the principles and methods reliably to the facts of the case.

In Daubert v. Merrell Dow Pharms., Inc., 509 U.S. 579, 597 (1993), the Supreme Court held that the Federal Rules of Evidence, "assign to the trial judge the task of ensuring that an expert's testimony both rests on a reliable foundation and is

relevant to the task at hand."

In determining relevance the court considers whether the proffered opinion would "be helpful to the jury in understanding the evidence or determining a fact in issue."  <u>Daubert</u>, 508 U.S. at 591.  "Expert testimony on a subject that is well within the bounds of a jury's ordinary experience generally has little probative value."  <u>United States v. Montas</u>, 41 F.3d 775, 784 (1st Cir. 1994).  There simply is no need for an expert when "it easily can be derived from common sense, common experience, the jury's own perceptions, or simple logic."  29 Charles Alan Wright & Victor James Gold, <u>Federal Practice and Procedure</u> § 6274 (1997).

The court does not doubt that Mr. Dodge is an expert on safety issues.  The problem is not his expertise but his opinion.  He has merely placed an expert sheen on matters well within the jury's own ordinary experience and common sense.  The report interweaves legal principles, reported "facts", common sense and matters of common knowledge.

The plaintiff reported as a fact that there was one inch of snow covered ice in the area of his alleged fall.  Every adult in New England (and most kids) know that untreated ice is slippery;

6

that ice and snow is foreseeable in New Hampshire in January; and that it makes sense for a business to have an ice/snow treatment plan including exclusion from the area and/or treatment.  The law requires reasonable steps to protect invitees from foreseeable and known hazards.  In short, every significant area of his report is a matter of common sense or a legal standard.[1]

The opinion adds nothing to and is an inappropriate substitute for the jury's own experience and common sense.  The motion (document no. 13) to preclude the expert testimony of Mr. Dodge is granted.

**SO ORDERED.**

_____
James R. Muirhead
United States Magistrate Judge

Date: February 16, 2007

cc:   Danielle Leah Pacik, Esq.
      Thomas B.S. Quarles, Jr., Esq.
      Paul A. Rinden, Esq.

---

[1] Mr. Dodge did not know defendant did have a ice, snow safety management plan and offered no opinion on whether it met professional safety requirements and/or whether it was complied with on the day of the accident.